UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BASEL SALAMA HILS,<br><br>               Petitioner,<br><br>   v.<br><br>KRISTI NOEM, et al.,<br><br>               Respondent. | CASE NO. 2:25-cv-02336-TL-BAT<br><br>**ORDER FOR RETURN AND STATUS REPORT AND NOTICE OF OPTION TO CONSENT** |

Petitioner has filed a habeas corpus petition under 28 U.S.C. § 2241. Having reviewed the petition, the Court **ORDERS**:

(1) If not previously accomplished, electronic posting of this Order and Petitioner's § 2241 habeas petition shall effect service upon the United States Attorney of the petition and all supporting documents. Service upon the United States Attorney is deemed to be service upon Kristi Noem, United States Department of Homeland Security, Cammilla Wamsley, Todd Lyons, United States Immigration and Customs Enforcement, and Bruce Scott.

(2) On or before **December 24, 2025**, Respondent(s) shall file a return and status report as provided in 28 U.S.C. § 2243, explaining why the Court should not grant Petitioner's petition. As a part of such return, Respondent(s) shall submit a memorandum of authorities in support of his position and state whether an evidentiary hearing is necessary. Additionally, given

Petitioner's allegation that his detention is unlawful because U.S. Immigration and Customs Enforcement is unable to effectuate his removal in the reasonably foreseeable future, Respondent(s) shall submit evidence directed at the issue of Petitioner's "entry" into the United States and the likelihood of removal.

  (3) In accordance with LCR 7(d), Respondent(s) shall note his return for consideration no earlier than 28 days after filing. Petitioner may file and serve a response not later than 21 days after the filing date of the return, and Respondent(s) may file and serve a reply not later than 28 days after the filing date of the return.

  (4) Respondents shall provide Petitioner and Petitioner's counsel in this habeas action at least 48 hours' notice (or 72 hours' notice if the period extends into the weekend) prior to any action to move or transfer Petitioner from the Northwest Immigration and Customs Enforcement Processing Center or to remove him from the United States. The 48- or 72-hour notice period shall not include holidays or court closures – for instance Thanksgiving and the day after Thanksgiving shall not be counted towards the notice period.

  If Petitioner's custody status *otherwise* changes at any point during this litigation, Respondent(s) shall file a status update with the Court as soon as possible and no later than 14 days after the change.

  (5) The parties have a right to have the matter heard by a United States District Judge, and may consent to the jurisdiction of a United States Magistrate Judge. 28 U.S.C. § 636 (c)(2), Fed. R. Civ. P. 73(b). Consent is voluntary. *Washington v. Kijakazi,* 72 F.4th 1029, 1036-1040 (9th Cir. 2023). The Magistrate Judge will have jurisdiction only if all parties consent. *Williams v. King,* 875 F.3d 500, 503-504 (9th Cir. 2017).

Counsel for the parties are directed to indicate whether they consent or decline consent **by no later than December 3, 2025,** by emailing Deputy Andy Quach at andy_quach@wawd.uscourts.gov.

If the parties unanimously consent, Magistrate Judge Brian A. Tsuchida will preside over the entire case through judgment. If the Court does not receive an email by this date, or if any party does not consent to the jurisdiction of the Magistrate Judge, the case will remain assigned to District Judge Tana Lin. *See* Western District of Washington Local Civil Rule 73. *See also* General Order 5-25.

The Clerk shall send a copy of this Order to counsel for Petitioner, counsel for Respondents, and the assigned District Judge.

DATED this 25th day of November, 2025.

BRIAN A. TSUCHIDA
United States Magistrate Judge